UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OKHTAY AZARMANESH,<br><br>Plaintiff,<br><br>v.<br><br>MERRICK GARLAND, et al.,<br><br>Defendants. | Case No. 23-cv-05210-LJC<br><br>**ORDER GRANTING IN PART ADMINISTRATIVE MOTION TO EXTEND TIME**<br><br>Re: Dkt. No. 25 |

The parties in this case have previously stipulated to three extensions of time for Defendants' response to Plaintiff's Amended Complaint, which was filed ninety-eight days ago on December 18, 2023. Most recently, the parties agreed one week ago on March 18, 2024 to set that deadline as March 25, 2024—i.e., today. ECF No. 23. At the parties' request, the Court issued an order setting that deadline. ECF No. 24. At 10:46 this morning, however, Defendants filed an Administrative Motion seeking an additional one-week extension to file a motion to dismiss, generically citing defense counsel's competing obligations in other cases as grounds for Defendants' inability to meet the current deadline. ECF No. 25.

Defendants note that Plaintiff opposes this request. *Id.* Although Civil Local Rule 7-11(c) allows four days for Plaintiff's response, Plaintiff filed an opposition brief later the same day (ECF No. 26), likely recognizing that the Court would need to act promptly given Defendants' imminent default if relief is not granted. Plaintiff's counsel assert that they consented to previous extensions as a matter of professional courtesy, but that Plaintiff's naturalization status has been in limbo for nearly three years and he would like his day in court.

The Court generally expects the parties to meet deadlines set by rule or order, and particularly so for deadlines the parties themselves have proposed. When it is not feasible to meet those deadlines, the Court expects a party to seek an extension well in advance, allowing at least

the four days that this Court's local rules provide for an opponent's response, unless previously unforeseeable circumstances do not allow for such advance notice. Parties should do their best to avoid the present state of this case, where the Court is forced to choose between granting an opposed request for relief or placing the requesting party in nearly immediate default.

Defendants have not shown sufficient cause for their failure to meet the deadline that they previously proposed, or any reason why their present inability to do so was unforeseeable when they proposed that deadline last week. To avoid Defendants' default, the Court nevertheless grants a *short* extension of time. Defendants shall answer or otherwise respond to Plaintiff's Amended Complaint no later than March 28, 2024. If Defendants cannot prepare their anticipated motion to dismiss in that time, they may file an answer, and may raise any arguments not waived by that answer in a subsequent motion for judgment on the pleadings or motion for summary judgment.

The parties shall meet and confer regarding a schedule for all anticipated motions, and file no later than April 4, 2024 either: (1) a stipulation; or (2) a joint statement not exceeding three pages setting forth their respective positions.

**IT IS SO ORDERED.**

Dated: March 25, 2024

LISA J. CISNEROS
United States Magistrate Judge